IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CHARITY CHARMAINE WITT** | ) | **CASE NO. 07-71224** |
| | ) | |
| **Debtor.** | ) | **CHAPTER 13** |

_____

## MEMORANDUM DECISION

The matter before the Court is the United States Trustee's Motion to Dismiss Case with Prejudice and to Bar Future Filings. The United States Trustee asserts that the Debtor's case should be dismissed with prejudice and that the Debtor should be sanctioned by this Court for her conduct. The United States Trustee makes the following assertions in support of his position: The Debtor has filed four petitions since August 2006; the Debtor has failed to comply with the Orders of this Court in at least two of the prior cases; none of the three chapter 13 cases filed by the Debtor within the last year has been successful; the Debtor has failed to obtain credit counseling before her last two chapter 13 cases; and the Debtor has failed to pay her filing fee in full in the last two chapter 13 cases. The United States Trustee asserts that these multiple filings and the Debtor's disregard of the obligations imposed upon her by the Bankruptcy Code indicate that the current filing was made with bad faith and is an abuse of the provisions of the Code. The United States Trustee requests that the Court dismiss this case with prejudice, enjoin the Debtor from filing any future petition for a period of 180 days and that any successive filing made by the Debtor be conditioned upon the repayment of the filing fees owed to the Court.

A hearing on the Motion was held on September 24, 2007. The Debtor did not file a response to the Motion, nor did she appear at the hearing. At the hearing counsel for the

United States Trustee argued that the Court ought to impose as a sanction against the Debtor a condition that any future filing by her be accompanied by payment in full of the unpaid filing fees in her previous cases, in the amount of $470, as well as requiring the payment of the filing fee associated with any subsequent case that she may file at the time of filing. The Court took the Motion under advisement at that time and allowed ten days for the United States Trustee to file a memorandum of authorities in support of his position as to the proposed filing fee sanction regarding the filing of any new bankruptcy petitions by Ms. Witt. On October 9, 2007, both the United States Trustee and the chapter 13 Trustee filed briefs in support of the imposition of sanctions against the Debtor. The matter is now ready for decision by this Court.

After due consideration of the facts and circumstances of this case and the applicable law, the Court concludes that the United States Trustee's Motion should be granted in part, as more particularly noted below.

## FINDINGS OF FACT

The Debtor has filed four bankruptcy petitions in this Court within a twelve month period. The first, filed with the assistance of counsel, was a voluntary petition for relief under chapter 7 of the Bankruptcy Code on August 11, 2006, Case No. 06-70887, for which the required filing fee was paid on August 14, 2006. This case was closed on November 8, 2006 after the Debtor received a discharge of her debts. Next, the Debtor, acting *pro se*, filed a voluntary petition under chapter 13 of the Bankruptcy Code on January 22, 2007, Case No. 07-70095. The Debtor paid the required filing fee at the time of the filing of the petition. This case was dismissed on February 12, 2007 for failure to comply with the January 23, 2007 Order of the

Court regarding the filing of required schedules and documents. The Debtor, again acting *pro se*, then filed another voluntary petition under chapter 13 on June 12, 2007 (Case No. 07-70910), which was dismissed on July 3, 2007 for failure to comply with the June 13, 2007 Order of the Court requiring the payment of the $235 filing fee and the filing of required schedules and/or statements of financial affairs, official form B22 (Means Test Calculation) and a certification that she received an approved credit counseling briefing in the 180 day period preceding the filing of the petition or a certification of exigent circumstances.

The Debtor, again acting *pro se*, then filed the current chapter 13 case on August 9, 2007. The Debtor paid the $274 filing fee at that time, however the Debtor failed to file her schedules and certain other required documents.[1] On August 10, 2007, the Court issued a deficiency Order for failure to file the required schedules and the statement of financial affairs, official form B22 (Means Test Calculation) and a certification that she received an approved credit counseling briefing in the 180 day period preceding the filing of the petition or a certification of exigent circumstances. Said Order stated that the case might be dismissed without further notice or hearing upon the "failure to cure said deficiency(ies) within fifteen (15) days from this date, or to file a pleading within such time requesting a hearing upon such asserted deficiency(ies). . ." The Debtor failed to comply with the terms of this Order. On August 28, 2007, the United States Trustee filed a Motion to Dismiss Case with Prejudice and to Bar Future Filings and noticed such motion for hearing on September 24, 2007. On September 11, 2007, the chapter 13 Trustee filed a Trustee Report and Notice to Dismiss with Prejudice For

---

[1] Both the United States Trustee and the chapter 13 Trustee state that the Debtor failed to pay the filing fee in full in the current case. However, a review of the docket indicates that the Debtor paid the filing fee in full on the date of the filing of the petition.

180 Days or Convert Case, which was noticed for hearing on October 9, 2007 (the date set for the initial confirmation hearing). Such Trustee Report indicates that the Debtor did not appear at the scheduled meeting of creditors on September 7, 2007. Nor did she file a Chapter 13 plan in the current case, or, as previously noted, file a response to the Motion, appear at the hearing on the Motion, or satisfy the defects noted in the deficiency order. Accordingly, the statements contained in such Trustee Report stand uncontested. Additionally, despite the previous filings, the Debtor disclosed only the case filed in August of 2006 on the current petition with regard to prior bankruptcy cases filed within the last eight years.

In none of the three chapter 13 petitions filed *pro se*, all commenced within twelve months of her chapter 7 case filing in which she obtained a discharge, has the Debtor filed her bankruptcy schedules, her statement of financial affairs, or her Means Test Calculation. Only in the first of her chapter 13 cases did the Debtor file her credit counseling certificate.[2] She has, however, paid the requisite filing fee in two of such chapter 13 cases. Although she hasn't filed schedules in any of these chapter 13 cases, she has filed in each of them a list of creditors. The first of these cases listed as creditors Commonwealth Trustees, LLC and New Century Mortgage; the second and third cases both listed New Century Mortgage and Rosenberg & Associates. It seems evident, therefore, that such subsequent filings relate to the mortgage indebtedness upon her residence held by New Century Home Equity Loan Trust, which filed a motion for relief in the chapter 7 case and obtained an order granting relief from the automatic stay on September 26, 2006.

---

[2] This certificate is dated August 10, 2006, the day before she filed her chapter 7 petition.

LEGAL ARGUMENTS ADVANCED BY THE UNITED STATES TRUSTEE
AND THE CHAPTER 13 TRUSTEE

The United States Trustee takes the position that the Debtor is a "serial filer," that her actions constitute an abuse of the bankruptcy system and that the Court should require payment of her unpaid filing fees as a condition of future filings, as well as requiring that the Debtor pay the filing fees associated with any subsequent cases that she may file at the time of filing. According to the United States Trustee, there are three different methods that would allow the Court to impose such conditions on the Debtor. First, the United States Trustee relies on *In re Freeman*, 224 B.R. 376 (Bankr. S.D. Ohio 1998), to support the imposition of sanctions under Rule 9011 of the Federal Rules of Bankruptcy Procedure. In *Freeman*, the Court, after a show cause hearing pursuant to Rule 9011, dismissed the debtors' case with prejudice, precluded discharge of scheduled debts as a sanction for debtors' abuse of the bankruptcy process and would require debtors to pay filing fees associated with their earlier bankruptcies because of their "egregious behavior." *Id*. at 377. In that case, the debtors filed six *pro se* chapter 7 petitions over a period of two and one half years, failed to file needed schedules, failed to pay required filing fees totaling $980.00, failed to attend scheduled hearings and meetings of creditors, and used different names and social security numbers in the petitions. The court noted as follows:

> All bankruptcy filings must be in good faith. Multiple filings are not *per se* prohibited; however, a debtor's history of filing and dismissals may be evidence of bad-faith filing. Debtors act in good faith where they have complied with their statutory duties by appearing at the meeting of creditors, by paying the relevant filing fees, and by filing the statement of financial affairs and schedules. In order to prevent abuse of the bankruptcy process by bad-faith filings, courts have the authority to dismiss bankruptcy cases, enjoin future filings, and impose sanctions under §§ 105(a) and 109(g)(1), and permanently

> ban discharge of specific debts or a class of debts under 349(a). Based upon Fed. R. Bankr. P. 9011(a), courts are required to impose monetary sanctions on a debtor who has filed a petition for an improper purpose, which includes bad-faith filings.

*Id.* at 379 (citations omitted). The Court went on to characterize the debtors' conduct as "reprehensible" and "indicative of their attempts to proceed without good faith and their continuous efforts to abuse the bankruptcy process." *Id.* at 380. In the present case, the United States Trustee acknowledges that his motion does not comply with the requirements of Rule 9011(c) because it was not served pursuant to Federal Rule of Bankruptcy Procedure 7004 and filed twenty-one days after service.[3]

Second, the United States Trustee relies on *In re Copeland*, 268 B.R. 273 (Bankr. D. Kan. 2001), as authority for the imposition of sanctions under 11 U.S.C. § 105. The Court in *Copeland* noted that, while the court followed the procedures of Rule 9011, the power to sanction the debtor comes from § 105 of the Bankruptcy Code, which grants the court the authority to act on its own motion to prevent abuse. *Id.* at 278. Under 11 U.S.C. § 105(a),

---

[3] The Court agrees that the motion was not filed in accordance with Rule 9011 because the motion was not made separate and apart from other motions and does not describe the specific conduct alleged to violate the Rule. The Court also observes, however, that a Rule 9011 motion challenging the filing of a bankruptcy petition is not subject to the normal requirement of such Rule that it may not be filed with the Court until after the filer of the challenged pleading is given 21 days in which to withdraw such pleading. Rule 9011(c)(1)(A). The Advisory Committee Notes regarding the 1997 amendment to this rule comment as follows:

> The "safe harbor" provision contained in subdivision (c)(1)(A), which prohibits the filing of a motion for sanctions unless the challenged paper is not withdrawn or corrected within a prescribed time after service of the motion, does not apply if the challenged paper is a petition. The filing of a petition has immediate serious consequences, including the imposition of the automatic stay under § 362 of the Code, which may not be avoided by the subsequent withdrawal of the petition.

6

> [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out of the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The court found that the debtor's multiple bankruptcy filings on the eve of foreclosure sales constituted an abuse of the bankruptcy system which warranted the imposition of sanctions, which included the reimbursement of attorney's fees and costs incurred by the creditor in initiating the foreclosure proceedings.

Third, the United States Trustee relies on 11 U.S.C. § 349 as support for the imposition of sanctions against the Debtor, citing the case of *In re Sekendur*, 334 B.R. 609 (Bankr. N.D. Ill. 2005). 11 U.S.C. § 349(a) provides:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

The *Sekendur* court conditioned subsequent filings by the debtor upon his tendering payment of the filing fee due in the case being dismissed and tendering in advance full payment of the filing due in any new case sought to be filed. *Id*. at 614.

The chapter 13 Trustee filed a memorandum of authorities in support of the United States Trustee's request for the imposition of sanctions upon the Debtor. The chapter 13 Trustee also relies on §§ 349 and 105 for the authority to dismiss a case with prejudice and/or with restrictions upon the filing of any new petition. The chapter 13 Trustee also requests that the Court dismiss this case with prejudice and further condition the dismissal order to bar not

only the filing of a new petition for 180 days, but also the discharge in any future case of the unpaid filing fees in the current case or any other case filed by the debtor in this Court.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984.  The determination of a motion to dismiss a case with or without prejudice and with or without limitations upon the filing of a new case or to impose other sanctions by reason of a filing in bad faith are "core" bankruptcy matters pursuant to 28 U.S.C. § 157(b) because they are inherent in the jurisdiction to entertain a bankruptcy case in the first place and such actions are expressly contemplated in sections 105 and 349(a) of the Bankruptcy Code.

> Section 109(g)(1) of the Bankruptcy Code provides as follows:
>
> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if – (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

11 U.S.C. § 109(g)(1).  In her chapter 13 cases the Debtor has failed to comply with the Court's orders dealing with filing deficiencies, but whether such failures have been "willful", or rather due to simple inability to do so, is not established by the evidence.  Her combined failures to appear at the first meeting of creditors in this case, to file any response to the motions filed by the United States Trustee and the chapter 13 Trustee, or to appear at the hearing upon the United

States Trustee's Motion, are adequate to conclude that she has not appeared "before the court in proper prosecution of the case" within the meaning of this statute. This Code section expressly provides that no bankruptcy debtor coming within its scope "may be a debtor under this title" for a period of 180 days thereafter, which is the specific restriction upon refiling sought by both the United States Trustee and the chapter 13 Trustee.

Those portions of the United States Trustee's and chapter 13 Trustee's respective motions seeking a sanction with respect to unpaid filing fees are premised on the faulty belief that the Debtor did not pay her filing fee in the current case. In fact, the Debtor has paid her filing fees in both the current case and her first chapter 13 case. In addition, the filing fee was paid in her chapter 7 case. Therefore, the filing fee remains unpaid in only her second chapter 13 effort. Such a history seems to provide only a slender reed to justify imposing a sanction requiring that any future case filed be accompanied not only by the filing fee for the new petition but the unpaid filing fee from one previous case filed without paying such fee. The Court anticipates that it will address the United States Trustee's arguments with respect to such a sanction in another case presently under advisement, *In re Fenderson*, Case No. 07-71222, in which the United States Trustee also seeks sanctions against a serial filing debtor and which, in the Court's view, presents a much more egregious set of facts justifying serious consideration of imposition of such a sanction. The history of filing three unsuccessful chapter 13 cases within a period of eight months in which no schedules or proposed chapter 13 plan were ever filed is sufficient, however, in the Court's judgment, to invoke the authority of 11 U.S.C. § 349(a) to declare that any future filing will be with prejudice as to a discharge of the Debtor's liability for such unpaid filing fee. It appears, based on the lists of creditors which the Debtor has filed in

her chapter 13 cases, that the only debt, other than such filing fee, which was implicated in such cases is her residential mortgage indebtedness. She obtained a discharge of personal liability as to that indebtedness in her original chapter 7 case, although of course it still constitutes a lien upon her property. Accordingly, there is nothing before the Court to indicate that a dismissal of her current bankruptcy case should be "with prejudice" with respect to any obligations other than the unpaid filing fee. Under these indicated facts and circumstances the Court will not entertain any additional sanction of "prejudice" with respect to other possible obligations not shown by the evidence actually to exist.

With respect to any filing fee due in any future filing, the Court concludes that, under the facts and circumstances presented by this debtor's filing history, the appropriate disposition is to rule that no automatic stay shall arise in any subsequent petition filed in this Court by the Debtor within three years of this date unless and until such filing fee is either paid in full or the Debtor obtains an order from this Court waiving such fee on the ground of inability to pay pursuant to the authority contained in 28 U.S.C. § 1930(f). The Court imposes this sanction under the authority conferred upon it by 11 U.S.C. §§ 105 and 349(a) and pursuant to the prayer of the United States Trustee's Motion for the award of "such other relief as the Court may deem just." Its specific rationale for doing so is that the filing of a bankruptcy petition for the sole purpose of obtaining the benefit of the automatic stay and without any apparent intention or ability to proceed with a viable chapter 13 plan is an abuse of the bankruptcy process and that doing so without paying the requisite case filing fee is an abuse of the bankruptcy court itself.

## CONCLUSION

Based upon the above authorities, the Court concludes that the Debtor's case should be dismissed pursuant to the provisions of 11 U.S.C. § 109(g)(1) and that any subsequent filing shall be with prejudice as to her existing liability for the filing fee remaining unpaid in Case No. 07-70910. Additionally, no automatic stay shall arise in any subsequent petition filed in this Court by the Debtor within three years of this date unless and until such filing fee is either paid in full or the Debtor obtains an order from this Court waiving such fee. An order to such effect will be entered contemporaneously with the signing of this Decision.

This 23rd day of October, 2007.

*William F. Stone, Jr.*

_____
UNITED STATES BANKRUPTCY JUDGE